IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELLER'S GAS, INC. | : | 4:15-CV-01350 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| V. | : | |
| | : | |
| INTERNATIONAL INSURANCE | : | |
| COMPANY OF HANNOVER LTD, and | : | |
| INTERNATIONAL INSURANCE | : | |
| COMPANY OF HANNOVER SE | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
June 1, 2016

Pending before the Court is a motion to compel discovery, filed by

Defendant International Insurance Company of Hannover LTD and International

Insurance Company of Hannover SE (hereinafter "Defendants") against Plaintiff

Heller's Gas, Inc. (hereinafter "Plaintiff").[1] Defendants seek an Order compelling

Plaintiff to produce more complete responses to discovery, specifically emails sent

among Plaintiff's representatives and its insurance broker and engineer, together

with full and complete emails of known records custodians, including various

individuals.[2] Plaintiff also filed a letter detailing a discovery dispute regarding

---

[1] ECF No. 32.
[2] Hannover lists the following records custodians: Michael Armor, Scott Smith, William Haagen, Robert Ballas, Paul Gardner, Sr., Paul Gardner, Jr., Christian Schlotterbeck, and Susan Peritz.

Defendants' Privilege Log, together with approximately seventy pages of documents redacted by Defendant.

The parties engaged in a telephone conference with this Court on April 21, 2016, after which an Order was entered, directing the parties to file simultaneous briefs.[3] After submitting their briefs, this Court entered an Order directing Defendants to produce the seventy pages of redacted documents for an *in camera* review.[4] In accordance with the following reasoning, Defendants' motion to compel is granted and Plaintiff's request is denied.

## I. BACKGROUND

This case arises from an insurance claim filed by Plaintiff, who had been issued a commercial output insurance program property insurance policy by Defendants. Plaintiffs used this policy to insure property that housed six 30,000 gallon tanks filled with approximately 136,800 gallons of liquid propane. On October 11, 2013, Plaintiffs found evidence of a sinkhole beneath the tanks, which had allegedly damaged them. Plaintiff then removed the liquid propane from the tanks, transported the liquid propane to other facilities, disassembled the tanks, and moved them to stable ground at considerable expense. Defendants denied coverage for the loss, aside from $5,000 under emergency removal expense coverage within

---

[3] The parties filed their briefs on April 29, 2016. Hannover, however, filed its brief as an attachment to its motion to compel. Defense counsel was notified by the Clerk's Office to file the brief as a separate document, which he did on May 2, 2016.
[4] ECF No. 24.

the policy. Plaintiff subsequently filed the current action, alleging one count of breach of contract and one count of statutory bad faith.

## II. DISCUSSION

### A. Defendants' Motion to Compel

Defendants argue that, after receiving information from various third parties requested through subpoenas, Defendants discovered that Plaintiff failed to produce relevant and discoverable information. For example, Defendants received an email from a records custodian who admitted in the email that there was no physical damage to the propane tanks. This email was discovered, not through documents produced by Plaintiff, but from documents produced from a third party. Defendants request that this Court compel Plaintiff to produce more complete responses to discovery.

Federal Rule of Civil Procedure 26(b)(1), recently amended as of December 1, 2015, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."[5] Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and if it "is of consequence in determining the action."[6] Discovery sought "need not be admissible" in trial, so

---

[5] Fed. R. Civ. P. 26(b)(1).
[6] F.R.E. 401; *see also Shaffer v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 931101, *1 (M.D. Pa. March 10, 2014).

long as it is otherwise obtained within the scope of discovery delineated in Rule 26.[7]

The party objecting to discovery must state the grounds for the objection with specificity.[8] The party requesting the discovery then bears the burden to prove that the requested discovery falls within the bounds of Rule 26.[9] If this burden is met, the objecting party must then "convince the court why discovery should not be had."[10]

As stated above, Defendants seek more complete responses to discovery requests. Plaintiff states, in response, that it has already produced four hundred and thirty-one pages of documents at Defendants' request and that Defendants have suffered no prejudice, as they received the disputed documents, albeit from third parties. Plaintiff's counsel also states that he is "amenable to revisiting the issue with Plaintiff and issuing an appropriate discovery certification."[11] As the Plaintiff offers no objection to "revisiting the issue," this Court will grant Defendants' motion to compel and will order Plaintiff to produce the discovery previously requested by Defendants.

---

[7] Fed. R. Civ. P. 26(b)(1).
[8] *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996).
[9] *Id.*
[10] *Id.*
[11] ECF No. 21.

**B. Plaintiff's request for a more detailed Privilege Log and discovery of redacted material**

In its letter dated April 15, 2016, Plaintiff argues that Defendants' Privilege Log contains inadequate descriptions of the withheld and redacted documents. It points to examples where Defendants describe documents that contain "legal analysis" or "legal advice;" these descriptions are arguably too vague to determine the scope of the document and the precise reason for preserving its confidentiality.

Additionally, Plaintiffs argue that much of the information that Defendants seek to protect does not fall within the attorney-client privilege, the work product doctrine, or reserve information. Plaintiffs contend that all but one document is either sent to or from employees of Energi Insurance Services, Inc. (hereinafter "Energi") or York Risk Services Group, Inc. (hereinafter "York"), neither of whom are subsidiaries of or owned by Defendants. According to Plaintiff, therefore, the documents do not fall within the protection of the attorney-client privilege or the work product doctrine.

Defendants argue that the redacted and withheld information is, in fact, protected and need not be disclosed. In their Answer, Defendants do not assert an agency relationship with either Energi, Defendants' broker or third-party administrator, or York, Defendants' authorized claim representative. Curiously,

Defendants advance just the opposite in their papers.[12] Communication between in-house counsel for these companies and Defendants, they argue, fall within the scope of attorney-client privilege.[13]

Following a review of the parties' supporting briefs and the seventy pages of redacted documents provided to Plaintiff, this Court directed Defendants to submit the documents, unredacted, so that the Court could conduct an *in camera* review. After thoroughly examining the documents, this Court finds that the information redacted appropriately falls within the attorney-client privilege and work product doctrine and is consequently information directly related to or referencing legal strategy regarding the instant litigation. The correspondence further supports Defendants' latterly-advanced argument that Energi and York are essentially agents of Defendants.[14]

---

[12] ECF No. 23 at 7.

[13] *In re Ford Motor Co.*, 110 F.3d 954 (3d Cir. 1997) (abrogated on other grounds in *Mokawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2011)).

[14] On the other hand, this Court agrees with Plaintiff that Defendants have failed to provide a sufficiently detailed Privilege Log. Defendants cite *Wei v. Bodner*, in support of their argument that their Privilege Log provides sufficient information. *Wei* holds that "[a]t a minimum, for each document asserted to be protected by these privileges, the defendants must provide both plaintiff and the Court with the date of the document, the name of its author, the name of its recipient, the names of all people given copies of the document, the subject of the document and the privilege or privileges asserted." 127 F.D.R. 91, 96 (D.N.J. 1989). This must be done so that the Court can easily determine whether the documents fall under the privilege or doctrine. *Id.* Here, Defendants provide the Bates Ranges, dates, names of the author and recipients, and the basis of privilege asserted. Defendants also have a "Description of Document" category in which they describe the document as "email" or "email requesting legal analysis," among other things. As stated in *Wei*, Defendants must provide the subject of the document. Neither Plaintiff nor this Court could derive the subject of documents simply labeled as "email" or "email correspondence re: legal analysis." However, this point is rendered moot as this Court reviewed the documents in question and determined that the information was redacted appropriately.

**III. CONCLUSION**

For the reasons set forth herein, Defendants' motion to compel discovery is granted and Plaintiff's request for discovery and for the production of a more detailed Privilege Log is denied.

An appropriate Order follows.

BY THE COURT:


s/ Matthew W. Brann
Matthew W. Brann
United States District Judge